REDACTED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : Civil No. 11-cv-02132 (RMC) |
| THE MILAN GROUP, INC., a/k/a THE MILAN TRADING GROUP, INC., et al., | : |
| Defendants, | : |
| And | : |
| MIA C. BALDASSARI, et al., | : |
| Relief Defendants. | : |

**FINAL JUDGMENT AS TO DEFENDANT DAWN R. JACKSON**

The Securities and Exchange Commission ("Commission") having filed a Complaint and relief defendant Dawn R. Jackson (hereinafter "Defendant") having entered a general appearance; consented to the Court's jurisdiction over her and over the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS ORDERED that the following real property owned by and held in the name of Defendant shall be subject to satisfaction of the monetary amounts for which Defendant is found liable in this Final Judgment, as set forth below: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉Paradise Island, The Bahamas (the "Bahamian Property"). The Bahamian

REDACTED

Property is currently encumbered by a mortgage in the amount of $494,900 ("Mortgage") held by and in favor of Royal Bank of Canada, Commercial Financial Services, 101 East Hill Street, 3rd Floor, P.O. Box N-7549, Nassau, Bahamas, Transit, 02265, Telephone: 242/356-8500 (the "Mortgagee").

II.

IT IS FURTHER ORDERED that Defendant is liable for disgorgement of $153,000 and $9,410 in prejudgment interest, for a total of $162,410. Payment of this amount shall only be made from the sale, if any, of the Bahamian Property, and is otherwise waived based on Defendant's sworn representations in her Statement of Financial Condition dated May 15, 2012, as updated on January 18, 2013, and other documents and information submitted to the Commission.

Defendant shall submit to the Mortgagee and any future mortgagee that holds a mortgage on the Bahamian Property, with a copy to the Division of Enforcement of the Commission (c/o Timothy England), an irrevocable instruction that proceeds from sale of the Bahamian Property that exceed the Mortgage, or any subsequent mortgage Defendant obtains on the property (such as through a refinancing), shall be paid to the Commission in an amount not to exceed $162,410 plus any post-judgment interest thereon (post-judgment interest shall be calculated on $162,410 pursuant to 28 U.S.C. § 1961). Defendant's irrevocable instruction to the Mortgagee and any future mortgagee also shall: (1) include a copy of this Final Judgment; (2) set forth that payments to the Commission may be made electronically (the Commission staff will provide detailed ACH transfer/Fedwire instructions upon request) or by certified check or bank cashier's check payable to the Securities and Exchange Commission and delivered or mailed to Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur Boulevard, Oklahoma

REDACTED

City, OK 73169, together with a letter identifying the case title, civil action number, and name of this Court, Dawn Jackson as a defendant in this action, and specifying that payment is made pursuant to this Final Judgment and Defendant Jackson's irrevocable instruction to the mortgagee; (3) instruct the mortgagee to simultaneously transmit photocopies of evidence of payment and case identifying information to the Division of Enforcement of the Commission (c/o Timothy England) if and when mortgagee makes payment to the Commission pursuant to this Final Judgment and Defendant's irrevocable instruction; and (4) instruct the mortgagee that, within 15 days of any sale of the property or refinancing of the mortgage, the mortgagee shall notify the Division of Enforcement of the Commission (c/o Timothy England) by letter containing case identifying information and (i) for any sale, the name of the purchaser, the sale date and amount, all costs of sale, and the total amount due on the mortgage as of the sale date, and (ii) for any refinance, the terms of the refinancing including the names of the lender and borrower and their addresses, the amount refinanced, the interest rate, and the term of the loan. Defendant shall submit this irrevocable instruction to the current Mortgagee within 15 days after entry of this Final Judgment, and shall submit this instruction to any future mortgagee as part of the consummation of any such new loan.

Defendant shall take all necessary steps to insure the Mortgagee and any future mortgagee complies with Defendant's irrevocable instructions.

In the event the Bahamian Property is sold or the Mortgage (and any future mortgage) is refinanced, Defendant shall, within 15 days of any sale or refinancing, notify the Division of Enforcement of the Commission (c/o Timothy England) by letter containing case identifying information and (i) for any sale, the name of the purchaser, the sale date and amount, all costs of sale, and the total amount due on the mortgage as of the sale date, and (ii) for any refinance, the

REDACTED

terms of the refinancing including the names of the lender and borrower and their addresses, the amount refinanced, the interest rate, and the term of the loan. If requested by the Commission's staff, Defendant shall promptly provide a copy of the sale or refinancing contract and related documents.

The determination to waive payment of the disgorgement and pre-judgment interest, except as provided above, is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning her assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the disgorgement, pre-judgment and post-judgment interest thereon. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; or (5) assert any defense to liability or remedy, including, but not limited to,

REDACTED

any statute of limitations defense. Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

III.

IT IS FURTHER ORDERED that the Defendant has agreed to cooperate with the Commission in the Commission's pending enforcement action, as well as in any related proceedings or actions, and that if at any time following the entry of the Final Judgment the Commission obtains information indicating that a Defendant knowingly provided materially false or misleading information or materials to the Commission, the Commission may, at its sole discretion and without prior notice to that Defendant, petition the Court to vacate this Final Judgment and restore this action, including all of the original allegations in the Complaint, to its active docket.

IV.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: 3/20/13

*Rosemary M Collyer*
UNITED STATES DISTRICT JUDGE