## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 11-2132 (RMC) |
| MILAN GROUP, INC., *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

### FINAL JUDGMENT AS TO THE MILAN GROUP, INC., THE ESTATE OF FRANK PAVLICO, III, BRYNEE K. BAYLOR, BAYLOR & JACKSON, P.L.L.C.; PATRICK LEWIS, AND THE JULIAN ESTATE, INC.

The Securities and Exchange Commission ("SEC" or "the Commission") filed an Amended Complaint on February 27, 2012 alleging, *inter alia*, that Principal Defendants Frank L. Pavlico ("Pavlico"), Brynee K. Baylor ("Baylor"), and their respective organizations, The Milan Group, Inc. ("Milan") and the law firm of Baylor & Jackson PLLC ("B&J") (collectively, the "Principal Defendants"), defrauded investors in a "prime bank scheme," unlawfully offered unregistered securities for sale and did this without benefit of registration as brokers or dealers under the securities laws.

The Amended Complaint further alleged that "Relief Defendants" Mia Baldassari ("Mia Baldassari"), Brett A. Cooper ("Cooper"), Cooper's company, Global Funding Systems LLC ("GFS"),  Patrick T. Lewis ("Lewis"), his company, GPH Holdings, LLC ("GPH"), Baylor's law partner, Dawn Jackson ("Jackson"), and The Julian Estate (collectively, "Relief Defendants") received funds from defrauded investors through the Principal Defendants for which they provided no lawfully recognized goods or services.

The Amended Complaint sought relief against the Principal Defendants in the form of a permanent injunction against further violation of the statutes and rule they are alleged to have violated, disgorgement of all the money defrauded from investors, plus prejudgment interest, a substantial civil penalty and a bar against acting as an officer or director of any public company. The Commission also requested that each Relief Defendant be held jointly and severally liable with the Principal Defendants for disgorgement of all funds the Relief Defendants received as a result of the fraudulent scheme, plus prejudgment interest on those funds.

The initial complaint was filed on November 30, 2011. The Amended Complaint added the Julian Estate as a Relief Defendant, and the Commission voluntarily dismissed three other Relief Defendants, one of them after he deposited monies received from Pavlico and Milan in the Court's registry for disgorgement should the Commission prevail in its case. Relief Defendant Mia Baldassari also deposited funds into the Court's Court Registry Investment System ("CRIS") account for disbursement in the event SEC prevailed against any Principal Defendants. Default judgments were entered against Relief Defendants GPH and GFS, *see* [Dkts. 110, 137], requiring them to disgorge the proceeds they received in the scheme, with prejudgment interest.

On November 15, 2012, SEC moved for summary judgment against all Principal and Relief Defendants except GPH and GFS, as to which it had already moved for entry of judgment in default. Mr. Pavlico died in December 2012. On January 18, 2013, the Court granted a motion by the executrix of his Estate to substitute the Pavlico Estate as a defendant. On January 16, 2013, the Pavlico Estate noticed the Court that it had no objection to entry of summary judgment against it. The Commission has conceded that remedies of penalty and

injunction are moot as to Mr. Pavlico but maintains that the Pavlico Estate should be jointly and severally liable for disgorgement and prejudgment interest.

The Commission and Relief Defendant Dawn Jackson agreed to settle the case with entry of a consent final judgment against her.  That final judgment was entered on March 20, 2013.

This Court has issued an Opinion and Order granting in part and denying in part the Commission's motion for summary judgment.  *See* Dkt. [181].  As relevant here, the Court granted the Commission's motion for summary judgment as it related to Principal Defendant Milan Group, Inc.; Principal Defendant the Estate of Frank Pavlico, III; Principal Defendant Brynee K. Baylor; Principal Defendant Baylor & Jackson, P.L.L.C; Relief Defendant Patrick Lewis; and Relief Defendant The Julian Estate, Inc.  This Order enters Final Judgment with respect to those Defendants.  Because there is no just reason for delay, pursuant to Fed. R. Civ. P. 54(b), it is hereby **ORDERED** as follows:

## I. INJUNCTION AGAINST FURTHER VIOLATIONS OF EXCHANGE ACT SECTION 10(B) AND RULE 10B-5

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants Milan, Baylor, B&J, and their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II. INJUNCTION AGAINST AIDING AND ABETTING VIOLATIONS OF EXCHANGE ACT SECTION 10(B) AND RULE 10B-5

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendants Milan, Baylor, B&J, and their officers, agents, servants, employees, attorneys, and

all persons in active concert or participation with them who receive actual notice of this Final

Judgment by personal service or otherwise are restrained and enjoined from aiding and abetting

any violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by knowingly or recklessly providing

substantial assistance to another person that violates Section 10(b) of the Exchange Act and Rule

10b-5 by using any means or instrumentality of interstate commerce, or of the mails, or of any

facility of any national securities exchange, in connection with the purchase or sale of any

security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III. INJUNCTION AGAINST FURTHER VIOLATIONS OF SECURITIES ACT SECTION 17(A)

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendants Milan, Baylor, B&J, and their agents, servants, employees, attorneys, and all persons

in active concert or participation with any of them who receive actual notice of this Final

Judgment by personal service or otherwise are permanently restrained and enjoined from

violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]

in the offer or sale of any security by the use of any means or instruments of transportation or

communication in interstate commerce or by use of the mails, directly or indirectly:

> (a) to employ any device, scheme, or artifice to defraud;

> (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

> (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## IV. INJUNCTION AGAINST AIDING AND ABETTING VIOLATIONS OF SECURITIES ACT SECTION 17(A)

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendants Milan, Baylor, B&J, and their officers, agents, servants, employees, attorneys, and

all persons in active concert or participation with them who receive actual notice of this Final

Judgment by personal service or otherwise are restrained and enjoined from aiding and abetting

any violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] by knowingly or

recklessly providing substantial assistance to another person that violates Section 17(a) of the

Securities Act in the offer or sale of any security by the use of any means or instruments of

5

transportation or communication in interstate commerce or by use of the mails, directly or

indirectly:

>(a) to employ any device, scheme, or artifice to defraud;
>
>(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
>
>(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## V. INJUNCTION AGAINST FURTHER VIOLATION OF SECURITIES ACT SECTION 5

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendants Milan, Baylor, B&J, and their agents, servants, employees, attorneys, and all persons

in active concert or participation with any of them who receive actual notice of this Final

Judgment by personal service or otherwise are permanently restrained and enjoined from

violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the

absence of any applicable exemption:

>(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;
>
>(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or
>
>(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order

or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## VI. INJUNCTION AGAINST ACTING AS AN UNREGISTERED BROKER OR DEALER

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Milan, Baylor, B&J, and their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o] by, directly or indirectly, in the absence of any applicable exception, making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or inducing or attempting to induce the purchase or sale of any security, unless such defendant is registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act.

## VII. INJUNCTION AGAINST PROMOTING INVESTMENT PROGRAMS

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Milan, Baylor, B&J, and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are prohibited, directly or indirectly, from soliciting or accepting funds from investors in the investment program alleged in the Complaint, investment programs relating to bank instruments or bank instrument trading programs, or in any other investment program;

## VIII. ENTRY OF PERMANENT OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the

Securities Act [15 U.S.C. § 77t(e)], Defendant Baylor is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### IX. DISGORGEMENT AND PREJUDGMENT INTEREST TO BE PAID

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants the Estate of Frank L. Pavlico, Milan, Baylor and B&J are jointly and severally liable for disgorgement of $2,665,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $157,414.89, for a total of $2,822,414.89.  Defendant Baylor shall satisfy the remaining obligation by paying a total of $2,752,758.64 to the court's registry in the manner described below within 14 days after entry of this Final Judgment.  The Estate of Frank L. Pavlico shall make payments pursuant to future order of this Court as the executrix of the Estate collects estate assets and pays estate costs as provided in the Court's order entered on January 23, 2013 granting limited access to frozen funds for administration of the Pavlico Estate.

Relief Defendants the Julian Estate and Lewis, as well as defaulted Relief Defendants GFS and GPH, are jointly and severally liable with Principal Defendants the Estate of Frank L. Pavlico, Milan, Baylor and B&J for disgorgement of investor funds improperly received and kept without provision of any legally recognizable goods or services or anything else of value.  Payments in the following amounts shall be made to the Court's registry in the manner described below within 14 days after entry of this Final Judgment, or as otherwise ordered:

    A.  Relief Defendant Lewis shall only be jointly and severally liable, with

        Principal Defendants Pavlico, Milan, Baylor, and B&J for disgorgement of

$375,000.  The Court has determined that Relief Defendant Lewis is not liable for prejudgment interest.

B.  Relief Defendant The Julian Estate shall only be jointly and severally liable with Principal Defendants Pavlico, Milan, Baylor and B&J for disgorgement of $409,482 and $27,768.16 in prejudgment interest for a total of $437,250.16.  This amount may be satisfied by the sale of the property owned in the name of The Julian Estate and subject to a lis pendens filed by the Commission located at 113 Upland Terrace, Clark's Summit, PA 18411, with all proceeds, less selling expenses, being paid into the Court's CRIS account for distribution pursuant to a plan as described herein.

All Defendants shall transmit payments electronically to the Court Registry Investment System (CRIS), which will provide detailed ACH transfer/Fedwire instructions upon request.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the United States District Court for the District of Columbia, which shall be delivered or mailed to

Ms. Tamara Forrest
Financial Administrator
U.S. District and Bankruptcy Court for the
District of Columbia
333 Constitution Avenue, NW
Washington, D.C. 20001

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the name of the defendant(s) making payment; and specifying that payment is made pursuant to this Final Judgment for deposit into the Court's central registry account.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action at the following address:

Timothy England
Securities and Exchange Commission
100 F St. NE
Washington, D.C. 20549-5589

By making any payment, all Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to any Defendant.

All funds shall be held in an interest-bearing account in the Court's registry (the "Fund").  The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7246(a).  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall move that the funds be deposited with the United States Treasury, providing reasons therefor.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment or as modified by this Court.  Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## X. CIVIL PENALTIES TO BE PAID BY MILAN, BAYLOR AND B&J

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Milan, Baylor and B&J pay civil penalties pursuant to Exchange Act Section 20(d)(2)(C) [15 U.S.C. § 77t(d)(2)(C) and Securities Act Section 21(d)(3)(B)(iii) [15 U.S.C. § 78u(d)(3)(B)(iii)].  A third tier penalty provided under the Acts is appropriate because the

Principal Defendants' violations involved fraud and deceit which resulted in substantial losses to other persons.  Therefore, the following penalty is ordered as a multiple of the proceeds realized by each Principal Defendant in the fraud:

A.  Defendant Milan is ordered to pay in the same manner as described in paragraph IX $1,318,734, separately identified as a penalty payment in correspondence with the Court and the Commission.

B.  Defendants Baylor and B&J are jointly and severally ordered to pay in the same manner as described in paragraph IX $746,266, separately identified as a penalty payment in correspondence with the Court and the Commission.

Regardless of whether any Fair Fund distribution is made as described in paragraph IX, above, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Principal Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Principal Defendants' payment of disgorgement in this action, argue that Principal Defendants are entitled to, nor shall Principal Defendants further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Principal Defendants' payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, each Principal Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this

11

paragraph, a "Related Investor Action" means a private damages action brought against any

Defendant by or on behalf of one or more investors based on substantially the same facts as

alleged in the Complaint in this action.

## XI.  RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this action for all purposes, including the

implementation and enforcement of this Final Judgment.

DATE: August 26, 2013

_____/s/_____

ROSEMARY M. COLLYER
United States District Judge
