UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 11-2132 (RMC) |
| MILAN GROUP, INC., *et al.*, ) ) | |
| Defendants. ) ) | |

**OPINION**

On August 26, 2013, this Court granted summary judgment to the Securities and Exchange Commission (SEC), in which the Court found Defendant Brynee K. Baylor liable for securities fraud under the Securities Act of 1933 (Securities Act), 48 Stat. 74, *codified at* 15 U.S.C. § 77a *et seq.*, and the Securities Exchange Act of 1934 (Exchange Act), Pub. L. 73-291, 48 Stat. 881, *codified at* 15 U.S.C. § 78a *et seq*. The Court also held Ms. Baylor liable as a seller of unregistered securities, in violation of 15 U.S.C. § 77e(a), and as a seller of securities without being registered as a broker-dealer, in violation of 15 U.S.C. § 78*o*(a). The Court ordered, *inter alia*, that Ms. Baylor and her law firm, Defendant Baylor & Jackson, P.L.L.C. (Baylor & Jackson) be held jointly and severally liable for a third-tier civil penalty of $746,266. Ms. Baylor appealed the Court's Final Judgment. The D.C. Circuit affirmed this Court's ruling in part and vacated and remanded the order for the civil penalty.

On remand, SEC moves for third-tier civil monetary penalties solely against Ms. Baylor in the amount of $600,000 and the entry of an amended Final Judgment against Ms. Baylor and Baylor & Jackson. For the reasons below, the Court will grant SEC's motion.

# I. BACKGROUND

## A. SEC's Amended Complaint

On February 27, 2012, the Commission filed an Amended Complaint against Defendants Frank L. Pavlico, Brynee K. Baylor, The Milan Group, Inc. (Milan) and through Ms. Baylor, her law firm Baylor & Jackson, P.L.L.C. (Baylor & Jackson), alleging that they defrauded investors in a "prime bank" scheme. *See* Am. Compl. [Dkt. 53].[1]

The Amended Complaint alleged that Ms. Baylor and the other Defendants violated the antifraud provisions of Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and, alternatively, alleged that Mr. Pavlico, Ms. Baylor, and Baylor & Jackson aided and abetted Milan's violation of these statutes and the Rule. *See id.* ¶¶ 62–65 (Count I, Section 10(b) and Rule 10b-5), ¶¶ 66–67 (Count II, aiding and abetting violations of Section 10(b) and Rule 10b-5), ¶¶ 68–70 (Count III, Section 17(a)), ¶¶ 71–72 (Count IV, aiding and abetting violation of Section 17(a)). The Amended Complaint also alleged that Ms. Baylor and the other Defendants offered and sold securities without a registration statement or exemption from registering in violation of Sections 5(a) and 5(c) of the Securities Act, and, alternatively, alleged that Ms. Baylor and Baylor & Jackson aided and abetted these violations. *See id.* ¶¶ 73–76 (Count V, Sections 5(a) and 5(c)), ¶¶ 77–78 (Count VI, aiding and abetting violations of Sections 5(a) and 5(c)). Finally, the Amended Complaint alleged that Mr. Pavlico and Ms. Baylor induced or attempted to induce the purchase or sale of a security without being registered as a broker or dealer in violation of Section 15(a) of the Exchange Act. *See id.* ¶¶ 79–81 (Count VII, Section 15(a)).

---

[1] The initial complaint was filed on November 30, 2011.

### B. This Court's Summary Judgment Opinion and Order

On August 26, 2013, this Court granted SEC's motion for summary judgment with respect to the Estate of Frank Pavlico,[2] Milan, Baylor & Jackson, and Ms. Baylor. *See* Op. [Dkt. 181] (SJ Opinion); Order [Dkt. 182].[3] The Court entered a Final Judgment ordering the remedies requested by SEC against these Defendants. *See* Final Judgment [Dkt. 183]. The Court held that Ms. Baylor was jointly and severally liable with Baylor & Jackson, Mr. Pavlico's estate, and Milan for disgorgement of $2,665,000, together with prejudgment interest for a total of $2,822.414.89. *Id*. at 8. The Court ordered Ms. Baylor to satisfy her obligation by paying a total of $2,752,758.64. *Id*. Because it determined that Defendants' violations "involved fraud and deceit which resulted in substantial losses to other persons," the Court held Ms. Baylor jointly and severally liable with Baylor & Jackson for third-tier civil penalties in the amount of $746,266. *Id*. at 10-11. This amount represented the total amount of money from the scheme that was received by and subsequently spent from Baylor & Jackson's accounts. *See* SJ Opinion [Dkt. 181] at 5.

### C. D.C. Circuit Ruling on Ms. Baylor's Appeal

Ms. Baylor appealed the Court's Final Judgment to the D.C. Circuit. *See* Notice of Appeal [Dkt. 188]. The D.C. Circuit affirmed the Court's findings of liability and affirmed the disgorgement order, but vacated and remanded the civil penalty against Ms. Baylor and Baylor & Jackson. *See* Mandate [Dkt. 219] at 1-2.[4] Although it did not decide the question, the

---

[2] The Estate of Frank Pavlico was substituted as a party upon the death of Mr. Pavlico. *See* Jan. 18, 2013 Minute Order.

[3] The Court also granted SEC's motion for summary judgment against several Relief Defendants, but denied summary judgment in whole or in part as against other Relief Defendants. *See id.*

[4] The mandate issued on March 31, 2015. *See id.* at 1.

D.C. Circuit noted that "the text of the relevant statutory provisions suggests that civil penalties are not properly imposed on a joint-and-several basis." *Id*. at 2.  In support, the D.C. Circuit cited *SEC v. Pentagon Capital Mgmt. PLC*, 725 F.3d 279, 287-88 (2d. Cir. 2013), which held that civil penalties cannot be awarded jointly and severally.[5]  The D.C. Circuit remanded for this Court "to reconsider whether the penalty should have been imposed on a joint-and-several basis." *Id*. at 2.

On remand and following a status conference at which Ms. Baylor failed to appear, the Court ordered SEC to submit a motion and brief in support of its proposal as to how the Court should proceed.  *See* Order [Dkt. 223].  SEC moves for civil monetary penalties against Ms. Baylor alone and for the entry of an amended Final Judgment against Ms. Baylor and Baylor & Jackson.  *See* SEC Mot. [Dkt. 225]; Reply [Dkt. 227].  Ms. Baylor opposes the imposition of any penalty, but asks that she and Baylor & Jackson be held jointly and severally liable if the Court imposes civil penalties.  *See* Opp'n [Dkt. 226].  In view of this request and SEC's contention that Baylor & Jackson no longer exists, the Court ordered Ms. Baylor to show cause in writing why the joint and several remedy she seeks would not be futile and to identify what assets Baylor & Jackson holds that are available to satisfy a judgment.  *See* Order to Show Cause [Dkt. 228].  Ms. Baylor failed to respond.

## II.  LEGAL STANDARD

SEC asks the Court to impose third-tier civil penalties against Ms. Baylor.  Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act set identical standards for assessing civil monetary penalties and establish three tiers of penalties.  *See* 15

---

[5] *Pentagon Capital Mgmt.* was issued just weeks before this Court issued its August 26, 2013 opinion on SEC's motion for summary judgment and was not raised or briefed by the parties.

U.S.C. § 77t(d)(2); 15 U.S.C. § 78u(d)(3).  Third-tier civil penalties may be imposed when the securities law violation "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement [and] such violation directly or indirectly resulted in substantial losses or created a significant risk of substantial loss to other persons."  15 U.S.C. § 77t(d)(2)(C); 15 U.S.C. § 78u(d)(3)(B)(iii).  At the time of Ms. Baylor's conduct, third-tier civil penalties were "the greater of" (1) $150,000[6] for each violation for a natural persons or (2) the "gross amount of pecuniary gain" to the defendant as a result of the securities law violation.  *Id.*

"The purpose of a civil penalty is to punish the individual violator and deter future violations."  *SEC v. One Or More Unknown Traders in the Common Stock of Certain Issuers*, 825 F. Supp. 2d 26, 33 (D.D.C. 2010).  Courts have discretion to determine the amount of a civil penalty "in light of the facts and circumstances" of the particular case.  15 U.S.C. §§ 77t(d)(2)(A), § 78u(d)(3)(B)(i); *SEC v. Daly*, 572 F. Supp. 2d 129, 134 (D.D.C. 2006).  In determining the amount of the penalty, courts frequently consider such factors as: (1) the egregiousness of the defendant's conduct; (2) the degree of scienter; (3) whether the conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the conduct was isolated or recurrent; and (5) whether the penalty should be reduced due to demonstrated current and future financial condition.  *See, e.g., SEC v. Shehyn*, No. 04-2003, 2010 U.S. Dist. LEXIS 84882, at *22 (S.D.N.Y. Aug. 6, 2010) (citation omitted); *SEC. v. Allen*, No. 11-882, 2012 WL 5986443, at *2 (N.D. Tex. Nov. 28, 2012) (citation omitted).

---

[6] The penalties stated in the statutes, *see* 15 U.S.C. § 77t(d)(2)(C); 15 U.S.C. § 78u(d)(3)(B)(iii) (noting a $100,000 third-tier penalty), are adjusted periodically for inflation, *see* 17 C.F.R. § 201.1004 (2009).

### III. ANALYSIS

SEC requests that this Court impose third-tier civil penalties against Ms. Baylor in the amount of $150,000 for each primary violation she committed for a total penalty of $600,000.[7] SEC no longer seeks civil penalties against Baylor & Jackson because the firm is defunct and SEC has settled its claims against Dawn Jackson. *See* SEC Mot. at 2.[8] SEC argues that imposing third-tier civil penalties against Ms. Baylor is appropriate because: (1) Ms. Baylor's conduct was egregious, (2) she acted with a high degree of scienter, (3) her misconduct created substantial losses to others, and (4) her conduct was recurrent and lasted over a year. Ms. Baylor raises four arguments in opposition: (1) she is not a repeat violator and her conduct was isolated; (2) her conduct was not intentional; (3) she does not have the financial resources to pay a penalty; and (4) the substantial disgorgement order provides sufficient deterrence, making a penalty excessive and unnecessary. The Court finds that imposing third-tier civil penalties in the amount of $600,000 is appropriate.

Ms. Baylor's violations satisfy the two statutory requirements for imposition of third-tier civil penalties. Her conduct involved fraud and deceit in violation of Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. It also involved deliberate or reckless disregard of the securities and broker-dealer registration requirements of Sections 5(a) and 5(c) of the Securities Act and Section 15(a) of the Exchange

---

[7] SEC seeks penalties against Ms. Baylor based on the violations she committed, not her pecuniary gain. *Id*. at 7. The prior $746,266 penalty imposed against Ms. Baylor and Baylor & Jackson on a joint and several basis was calculated on the basis of pecuniary gain.

[8] Accordingly, SEC requests that the Court amend the Final Judgment to remove the order of civil penalties imposed against Baylor & Jackson. *Id*.

Act.  *See* SJ Opinion at 19-20, 27-28.  In addition, her conduct caused substantial losses to other persons.  *See id*. at 19-23.

Several factors weigh heavily in favor of imposing a substantial third-tier civil penalty against Ms. Baylor.  Ms. Baylor's conduct was egregious, as the Court fully recounts in its summary judgment Opinion.  *See* SJ Opinion at 18-28.  Notwithstanding Ms. Baylor's protest that her conduct was not intentional because she "had limited knowledge of the transaction and relied heavily on Pavlico's purported experience," Opp'n at 6, the Court previously determined that Ms. Baylor "acted with extreme recklessness concerning the fraudulent scheme."  SJ Opinion at 19-20; 26-27.  The D.C. Circuit agreed with this Court and concluded that the evidence of Ms. Baylor's recklessness was "overwhelming."  Mandate at 2.  Further, Ms. Baylor's conduct created substantial losses to numerous investors and created a significant risk of substantial losses to others.  *See* SJ Opinion at 19-23.  Although Ms. Baylor maintains that her conduct was "more isolated than recurrent," *see* Opp'n at 6, this characterization is without merit.  The record demonstrates that Ms. Baylor made "many misrepresentations and omissions" in communications with actual and prospective investors over the course of 14 months.  *See id*. at 19-27.

Ms. Baylor argues that no penalty should be imposed because she lacks the ability to pay.  This argument is not persuasive.  The Court credits Ms. Baylor's statement that she is no longer licensed to practice law and "needs to rebuild herself financially using a completely different career after practicing for fifteen years."  Opp'n at 6.  The Court judicially notices the District of Columbia Court of Appeals' July 30, 2015 Order that Ms. Baylor is disbarred by consent.  *In re: Brynee K. Baylor*, No. 15-BS-697 (D.C. July 30, 2015) (disbarment order).  However, Ms. Baylor has presented no evidence of her financial situation.  Ms. Baylor's inability

to pay "must be established by a preponderance of the evidence." *SEC. v. Harris*, No. 09-1809-B, 2012 WL 759885, at *5 (N.D. Tex. Mar. 7, 2012) (citing *SEC v. Huffman,* 996 F.2d 800, 803 (5th Cir. 1993). Due to the egregious nature of her conduct, the imposition of third-tier civil penalties is warranted despite Ms. Baylor's claim of financial hardship and the uncertainty of her future career path. *See SEC v. Amerindo Inv. Advisors Inc.*, 2014 U.S. Dist. LEXIS 66446, *41 (S.D.N.Y. May 6, 2014) (imposition of a harsh penalty "is necessary to reflect the seriousness of the violations" despite defendants' claimed inability to pay). Ms. Baylor failed to appear and failed to respond to the Court's order to show cause, thereby failing (and waiving her right) to provide further details.

Finally, Ms. Baylor contends that a civil penalty is repetitive and unnecessary because the imposition of disgorgement already "exceeds the goal of deterrence." Opp'n at 7. She also notes that there is a low probability that she will commit another violation because she has been enjoined from operating in the securities field. *Id.* at 5. SEC responds that courts "often impose substantial third tier penalties in addition to a defendant's disgorgement, and in amounts approximating or guided by a defendant's pecuniary gain." Reply at 4. Further, SEC maintains that a $600,000 penalty is not excessive because it is "less than the pecuniary gain that Baylor acknowledges she derived from the fraud." *Id*.

Congress authorized civil penalties in addition to disgorgement "to achieve the dual goals of punishment of the individual violator and deterrence of future violations." *SEC v. Daly*, 572 F. Supp. 2d 129, 134 (D.D.C. 2008) (citing *SEC v. Moran*, 944 F. Supp. 286, 296 (S.D.N.Y. 1996) and quoting H.R. Rep. No. 101–616, at 15 (1990), *reprinted in* 1990 U.S.C.C.A.N. 1379, 1384 ("[A]uthority to seek or impose substantial money penalties, in addition to the disgorgement of profits, is necessary for the deterrence of securities law

violations that otherwise may provide great financial returns to the violator.")). Thus, imposing a civil penalty in addition to disgorgement is not repetitive. Moreover, the goal of deterrence extends beyond Ms. Baylor—the imposition of civil penalties in this case serves to deter Ms. Baylor *and others* from similar conduct. *See Daly*, 572 F. Supp. 2d at 134.

None of Ms. Baylor's arguments against the imposition of SEC's recommended $600,000 penalty is meritorious. In consideration of the factors described above, the Court shall exercise its discretion and impose a third-tier civil penalty in the amount of $600,000.

Ms. Baylor argues that she and Baylor & Jackson should be held jointly and severally liable if the Court imposes civil penalties. In support, she identifies a single case from this Court that imposed liability on a joint and several basis. *See SEC v. Levine*, 517 F. Supp. 2d. 121, 147 (D.D.C. 2007). In light of the D.C. Circuit's order on remand for this Court to consider whether such a remedy was proper, Ms. Baylor fails to offer an adequate legal argument for her request. *Levine* did not address the propriety of imposing liability on a joint and several basis. In addition, subsequent to *Levine*, the Second Circuit expressly held that a civil penalty cannot be imposed on a joint and several basis:

> We also must reverse the district court's decision to impose joint and several liability for the amount of the civil penalty as an error of law. . . . The statutory language allowing a court to impose a civil penalty plainly requires that such awards be based on the "gross amount of pecuniary gain *to such defendant*." 15 U.S.C. § 77t(d)(2) (emphasis added). This language does not provide room for the district court's interpretation that the civil penalty be imposed jointly and severally.

*SEC. v. Pentagon Capital Mgmt. PLC*, 725 F.3d 279, 287-88 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 2896 (2014) (citation and footnote omitted). This Court adopts the sound reasoning of the Second Circuit and will deny Ms. Baylor's request to hold her jointly and severally liable for the civil penalty with Baylor & Jackson. Moreover, as a practical matter, Ms. Baylor has failed to

9

direct the Court to any assets that Baylor & Jackson holds that may be available to satisfy a judgment.

### IV.  CONCLUSION

For the foregoing reasons, the Court will grant SEC's motion.  The Court will impose a third-tier civil monetary penalty against Ms. Baylor in the total amount of $600,000 and will amend the Final Judgment entered in this case to reflect this penalty and to remove the order of civil penalties imposed against Baylor & Jackson.


Date: August 27, 2015

>                       /s/
> ROSEMARY M. COLLYER
> United States District Judge